No. 31,795

The State of Kansas, ex rel. Roland Boynton, Attorney-general, etc., *Appellant*, v. The Kansas Life Insurance Company and The Pyramid Life Insurance Company, *Appellees*.

(36 P. 2d 88.)

Opinion filed October 6, 1934.

*Roland Boynton,* attorney-general, and *John G. Egan,* assistant attorney-general, for the appellant.

*J. D. M. Hamilton, Ralph T. O'Neil, Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one of quo warranto commenced by the state on relation of the attorney-general. The purpose was to correct an abuse of corporate power. A demurrer to the petition was sustained, and the state appeals.

The Kansas Life Insurance Company is a Kansas corporation operating under the law of this state. The petition alleged the company was not keeping its general offices for the transaction of its business within the state and was keeping the offices of its principal officers, and its books, records, accounts, funds, etc., in the state of Missouri, all in violation of law. The petition also alleged the misconduct was aided and abetted by a confederate, the Pyramid Life Insurance Company, a Missouri corporation. The demurrer was sustained on the ground the petition did not disclose that the method prescribed by the legislature for the correction of corporate delinquency was followed. (Insurance Code, R. S. 1931 Supp., ch. 40.)

By the insurance code a distinct department of government known as the insurance department was created, having a chief officer,

known as the commissioner of insurance, who is charged with administration of all laws relating to insurance. This officer has general supervision, control and regulation of life insurance companies. Whenever it appears to him, by examination or by other satisfactory evidence, that any insurance company is conducting its business in violation of any law of the state, he shall, on reasonable notice, give the company a hearing, and shall do this before he files or makes public the report on which he acts. The statute continues as follows:

"If on such hearing the report be confirmed, he shall suspend the certificate of authority of such company until its solvency shall have been fully restored and the laws of the state fully complied with; and he may, if there is an unreasonable delay in restoring the solvency of such company and in complying with the law, revoke the certificate of authority of such company to do business in this state. Upon revoking any such certificate he may communicate the fact to the attorney-general, whose duty it shall be to commence and prosecute an action in the proper court to dissolve such company or to enjoin the same from doing or transacting business in this state." (R. S. 1931 Supp. 40-222.)

As indicated, the commissioner may act on the report of an examiner or on "other satisfactory evidence." This includes information imparted by the attorney-general, and such information should be treated as confidential until a hearing can be had.

The attorney-general contends he is a constitutional officer, is the chief law officer of the state, and has both statutory and common law powers; the civil code remedies of quo warranto and injunction are general in their application, and he is authorized to invoke them on behalf of the state; and if the insurance code were followed, he would be deprived of power.

The business of insurance is affected with a public interest and is subject to regulation by the legislature. For reasons founded on experience, and in the public interest, the legislature has given the insurance commissioner primary authority over corporate conduct. The subject is fully discussed in the opinion by Mr. Justice Dawson in *Wright v. Federal Reserve Life Ins. Co.*, 131 Kan. 601, 293 Pac. 945.

The attorney-general says the question in the Wright case was one of private control as against public control of a life insurance company. The court cannot accept this statement. It is true the action was one by private parties acting pursuant to the civil code, but the fundamental question was not whether private parties may

interfere with discharge of official duty by the insurance commissioner under the insurance code; the question was one of supremacy of the insurance commissioner. Parties, whether shareholders, or the state on relation of county attorney or attorney-general, can do no more than commence and prosecute an action to correct corporate misconduct. The court in which the action is commenced must order the correction. In the Wright case the court held the insurance code in legal effect placed an inhibition on the courts to supersede the insurance commissioner, in the absence of fraud, corruption, or other official dereliction on his part.

The count of the petition under consideration in this case is barren of any recognition by the attorney-general of existence of an insurance commissioner, and the demurrer to the petition was properly sustained.

The judgment of the district court is affirmed.