No. 35,360

Wilbur B. Morris, *Appellant,* v. The Liberty Life Insurance Company et al., *Appellees.*

(115 P. 2d 773)

Opinion filed July 22, 1941.

*C. Glenn Morris, Lester M. Goodell, Margaret McGurnaghan, J. L. Hunt, John H. Hunt* and *George M. Brewster,* all of Topeka, for the appellant.

*Otis S. Allen, George Allen, Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellees.

*Per Curiam:* Plaintiff, a stockholder of the Liberty Life Insurance Company, brought this action against the company and its officers to enjoin defendants from voting certain stock alleged to have been illegally acquired by them, or which belonged to the corporation, at a stockholders' meeting called to vote upon a proposition of reinsuring all the policies of the company with another insurance company. The trial court sustained defendants' objection to the introduction of evidence, properly treating such motion as being tantamount to a demurrer to the petition. Plaintiff has appealed.

The trial court was of the opinion that the matters complained of by plaintiff are properly within the jurisdiction of the insurance commissioner under the pertinent sections of the insurance code (G. S. 1935, 40-102, 40-103, 40-104, 40-221, 40-309, and possibly others), and that under previous decisions of this court, particularly *Wright v. Federal Reserve Life Ins. Co.,* 131 Kan. 601, 293 Pac. 945; *State, ex rel., v. Kansas City Life Ins. Co.,* 140 Kan. 267, 36 P. 2d 88; *State, ex rel., v. Bank Savings Life Ins. Co.,* 142 Kan. 899, 52 P. 2d 639, and *National Mutual Casualty Co. v. Hobbs,* 149 Kan. 625, 88 P. 2d 1006, and authorities cited therein, the plaintiff cannot maintain this action at this time. We concur in that view, but

suggest that it is possible that certain sections of the corporation code, particularly G. S. 1939 Supp. 17-3801 and 17-4501, may have some application.

Appellant concedes this holding to be proper as a general rule, but contends that the rule does not apply where the insurance commissioner is prohibited from acting by order of another court, as was true in *State, ex rel., v. Bank Savings Life Ins. Co.*, supra, or where he refuses to perform his duties under the statute. In the amended and supplemental petition it is alleged that after this action had been brought, and some proceedings had been had in the district court, plaintiff complained to the commissioner of insurance of the matters set up in his petition, and asked the insurance commissioner to take such action as he deemed best necessary to protect plaintiff and to prevent the illegal disposition of the business and affairs of the company, and that the insurance commissioner declined and refused. We take this allegation to mean no more than that the commissioner refused at that particular time and under the circumstances to take charge of the matter, and not to be an ultimate refusal to perform his duties imposed upon him by law. The pendency of this action in the trial court, and the fact that the reinsurance agreement had not as yet been presented to him for approval would justify him in refusing immediately to proceed.

We are not holding that plaintiff is not entitled to be heard before the proper officer or forum upon the matters of which he complains in his petition. What we are holding is that the matters complained of are not of a kind which can be considered and determined by the court at this time. We think this is true notwithstanding the fact that on the day of the decision in the trial court defendants filed an answer and cross petition in which they sought to litigate with plaintiff their right to the ownership of the stock in question and to vote the stock at a stockholders' meeting, which answer and cross petition was brought before us by a counter abstract of appellees. We think the court had no more authority to determine the question upon the petition of defendants than upon the petition of plaintiff.

The result is, the judgment of the trial court must be affirmed. It is so ordered. It is further ordered that the stay ordered by this court be set aside and that the mandate go down at once.